UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ABRAHAM G. PINZON,<br>　　　　Plaintiff,<br>　　v.<br>MENDOCINO COAST CLINICS,<br>　　　　Defendant. | Case No. 14-cv-04489-NJV   (NJV)<br><br>**ORDER DISMISSING COMPLAINT**<br>Re: Dkt. No. 1 |

On October 6, 2014, Plaintiff filed a Complaint (Doc. 1) and Motion to Proceed *In Forma Pauperis* (Doc. 2). In addition, Plaintiff consented to the undersigned's jurisdiction of this matter pursuant to 28 U.S.C. § 636(c). Doc. 4. Because Plaintiff seeks to proceed without the prepayment of the required filing fees, the court is obliged to review the Complaint pursuant to the dictates of 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2), "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In conducting this statutorily mandated review, the court finds that this case must be dismissed as the Complaint fails to state a claim upon which relief may be granted.

**BACKGROUND**

From what the court can gleam, the allegations in the Complaint concern dental treatment Plaintiff received while visiting Defendant's facility, and specifically Dr. Nash. Plaintiff alleges

that Dr. Nash arranged to see Plaintiff at the Mendocino Coast Clinic ("the Clinic") for "a 'fitting' to a one tooth temporary 'stay plate.'" Compl., Doc. 1 at 2. According to Plaintiff, this was all a ruse, as there was no "stay plate." *Id*. Rather, Dr. Nash "with intent, conviction, and force" proceeded to grind three of Plaintiff's permanent teeth to "total uselessness." *Id*. Plaintiff claims that he "is defaced and knows special treatment when he sees it." *Id*. at 2-3. Based on these allegations, Plaintiff's Complaint makes the following three claims against Defendant: (Count 1) Battery; (Count 2) "professional misconduct and illegal conduct" pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12101 *et. seq.;* and (Count 3) disparate treatment based on sex and race under Title VII of the Civil Rights Act of 1964. *Id*. at 3-4. Plaintiff suggests that reasonable damages "maybe more than fifty thousand dollars," but also states that "[t]wenty thousand is suggested" and punitive damages "are justifiable." *Id*. at 4.

## DISCUSSION

As to Count 1, Battery is a state law claim and Plaintiff has failed to plead a basis for this court's independent jurisdiction over this claim. To the extent Plaintiff intended to rely on the court's exercise of supplemental jurisdiction to hear this claim, because the court finds that dismissal of Plaintiff's federal claims are warranted, "the principles of judicial economy, convenience and fairness to the parties, and comity weigh against retaining supplemental jurisdiction." *Gray v. City & Cnty. of San Francisco*, C 13-03513 WHA, 2014 WL 546349, at *1 (N.D. Cal. Feb. 7, 2014). *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdiction sense, the state claims should be dismissed as well."). Thus, this count is properly dismissed.

As to Count 2, "professional misconduct and illegal conduct" are not cognizable claims under the ADA. Title III of the ADA prohibits discrimination "on the basis *of disability* in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations

2

of any place of public accommodation by any person who owns, leases, (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (emphasis added). An individual alleging discrimination under Title III must show that:

> (1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability.

*Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004). Plaintiff alleges neither a disability, nor discrimination based on a disability. Thus, Plaintiff has failed to state a claim and this count is properly dismissed.[1]

Finally, as to Count 3, Plaintiff may not proceed against Defendant for disparate treatment under Title VII of the Civil Rights Act of 1964. "Undoubtedly disparate treatment was the most obvious evil Congress had in mind when it enacted Title VII." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977). However, the battle over evil in Title VII is restricted to the bounds of employment. "To establish a *prima facie* case of disparate treatment, each *employee* must show (1) that he/she belongs to a protected class, (2) was performing according to his/her *employer's* legitimate expectations, (3) suffered an adverse *employment action*, and (4) that *other employees* with qualifications similar to his/her own were treated more favorably." *Lam v. City & Cnty. of San Francisco*, 868 F. Supp. 2d 928, 941 (N.D. Cal. 2012) aff'd, 565 F. App'x 641 (9th Cir. 2014). Plaintiff is not, nor was he, an employee of Defendant and, therefore, may not proceed against Defendant under Title VII. Accordingly, Plaintiff has failed to state a claim and this count is properly dismissed.

---

[1] The court would also note that Plaintiff only requests monetary damages as relief, which are not available under Title III of the ADA. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").

Thus, none of Plaintiff's claims survive § 1915 review and the Complaint is properly dismissed. However, because Plaintiff is proceeding *pro se*, the undersigned will give Plaintiff an opportunity to amend his complaint. With this Order, the court has included a copy of HANDBOOK FOR LITIGANTS WITHOUT A LAWYER, which the court recommends Plaintiff review prior to filing an amendment.

Accordingly, and for the reasons stated above, it is

ORDERED that the Complaint (Doc. 1), is DISMISSED. Further, it is

ORDERED that Plaintiff shall have until **on or before November 14, 2014**, in which to file an amended complaint. ***Plaintiff is warned that failure to timely file an amended complaint will result in this court entering judgment and closing this matter for good***. The court would also note that this case has already been served. However, because the Complaint has now been dismissed, there is no need for an answer and all deadlines set forth in the Initial Case Management Scheduling Order (Doc. 3) are VACATED**.**

**IT IS SO ORDERED**.

Dated: October 23, 2014

NANDOR J. VADAS
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM G. PINZON,<br><br>          Plaintiff,<br><br>     v.<br><br>MENDOCINO COAST CLINICS,<br><br>          Defendant. | Case No.  14-cv-04489-NJV<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on 10/23/2014, I SERVED a true and correct copy(ies) of Documents 6 & 7, as well as a copy of HANDBOOK FOR LITIGANTS WITHOUT A LAWYER, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

    Abraham G. Pinzon
    32950 Boice Lane
    Fort Bragg, CA 95437

Dated: 10/23/2014

    Richard W. Wieking
    Clerk, United States District Court

By:_____
Robert Illman, Law Clerk to the
Honorable NANDOR J. VADAS