UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ABRAHAM G. PINZON,<br>　　　Plaintiff,<br>　　v.<br>MENDOCINO COAST CLINICS,<br>　　　Defendant. | Case No. 14-cv-04489-NJV   (NJV)<br><br>**ORDER**<br>Re: Dkt. Nos. 8, 9, & 10 |

　　　Before the court are Plaintiff's Appeal to District Judge and Request to Vacate Referral (Doc. 8), Objection to Order to Amend Complaint (Doc. 9), and Response to Order (Doc. 10). Previously, on October 23, 2014, the undersigned, after conducting the mandated review prescribed in 28 U.S.C. § 1915(e)(2), dismissed this action and granted Plaintiff leave to file an amended complaint which stated a claim upon which relief could be granted. *See* Order Dismissing Complaint (Doc. 7).  Rather than filing an amended complaint, Plaintiff has filed the documents listed above.

　　　Plaintiff's Appeal to District Judge and Request to Vacate Referral (Doc. 8) is misguided. Plaintiff consented to the undersigned's jurisdiction of this matter pursuant to 28 U.S.C. § 636(c). Doc. 4.  Therefore, there is no district judge to whom to appeal and no referral to vacate, and this request is denied.

　　　Similarly, Plaintiff's Objection to Order to Amend Complaint (Doc. 9) is misguided.  To the extent Plaintiff was attempting to move for relief from order pursuant to Rule 60 of the Federal Rules of Civil Procedure, such a request is properly denied, as Plaintiff has failed to show:

>  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. Rule 60.

It appears that Plaintiff may have intended that the Objection to Order to Amend Complaint (Doc. 9) actually amend the fatal flaws in the Complaint. Indeed, the objection states "Plaintiff did improperly state that Title VII provides statute. [sic] The proper statute specific is Title II." Obj. Doc. 9. Plaintiff then "suggests an addendum" . . . "with Title II in place of Title VII assertions." *Id*. The court has dismissed Plaintiff's Complaint. The proper procedure for Plaintiff to cure the defects within the Complaint would be for Plaintiff to file an amended complaint, as suggested by the court.

Finally, Plaintiff's Response (Doc. 10) accuses this court of "injurious falsehoods[1] and negligent judicial tactics" and insists that the Complaint "satisfies scrutiny." Resp. (Doc. 10) at 2. Further, Plaintiff states that this court punished Plaintiff by issuing an order dismissing the Complaint and not an order to amend. (Doc. 10) at 1. While the court did dismiss the Complaint, as directed under the provisions of 28 U.S.C. § 1915(e)(2), the court also allowed Plaintiff time to file an amended complaint. Indeed, the court pointed out the defects contained within the Complaint, provided Plaintiff a copy of HANDBOOK FOR LITIGANTS WITHOUT A LAWYER and gave him until November 14, 2014 in which to file an amended complaint.

---

[1] Plaintiff alleges that the court engaged in "falsehood" when it stated that Plaintiff has failed to allege a disability and points the court to his statement at the beginning of the Complaint that he is disabled. The court's remark was in the context of addressing Plaintiff's "Claim 2" under Title III of the ADA. The court found that Plaintiff failed to allege a disability within the claim that would meet the definition of disability under the ADA and failed to allege discrimination based on that disability. The court also pointed out that Plaintiff seeks monetary relief under Title III, which is not permitted. Plaintiff does not address these concerns in the Response, or either of the other two pleadings.

In light of Plaintiff's apparent confusion as to the posture of this case, the court determines that entering judgment at this point would be too severe a consequence. Instead, the court will allow Plaintiff one additional opportunity to amend.

Accordingly, and for the reasons stated above, it is ORDERED that Plaintiff shall have until **on or before December 1, 2014** in which to file an amended complaint. *Plaintiff is warned that failure to timely file **an amended complaint** will result in this court entering judgment and closing this case.*

**IT IS SO ORDERED**.

Dated: November 14, 2014

_____
NANDOR J. VADAS
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABRAHAM G. PINZON,

    Plaintiff,

v.

MENDOCINO COAST CLINICS,

    Defendant.

Case No. 14-cv-04489-NJV

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/14/2014, I SERVED a true and correct copy(ies) of Document 11, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Abraham G. Pinzon
32950 Boice Lane
Fort Bragg, CA 95437

Dated: 11/14/2014

Richard W. Wieking
Clerk, United States District Court

By:_____
Robert Illman, Law Clerk to the
Honorable NANDOR J. VADAS

4